**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0035-WJM-CBS

GERALD R. GALLEGOS,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, a Texas corporation,
DEUTSCHE BANK, as Trustee for the other RALI SERIES 2007-QH9 TRUST,
DOUGLAS COUNTY PUBLIC TRUSTEE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS), a Delaware corporation

    Defendants.

---

**ORDER *SUA SPONTE* DISMISSING COMPLAINT WITH LEAVE TO AMEND AND
DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER**

---

On January 7, 2013, Plaintiff Gerald Gallegos filed this action against Defendants Nationstar Mortgage, LLC, Deutsche Bank, as Trustee for the other RALI Series 2007-QH9 Trust, Douglas County Public Trustee, and Mortgage Electronic Registration System ("MERS").  (Compl. (ECF No. 1).)  Plaintiff's Complaint brings the following causes of action: (1) a complete adjudication of his rights pursuant to Colorado Rule of Civil Procedure 105; (2) a claim for declaratory relief under Colorado Revised Statute § 13-51-106 and Colorado Rule of Civil Procedure 57; (3) common law breach of the duty of good faith and fair dealing; (4) common law promissory estoppel; and (5) common law constructive fraud.  (*Id*. at pp. 9-10.)

### I.  SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, and there is a presumption

against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). As the party invoking the jurisdiction of this Court, Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff is proceeding *pro se* and, therefore, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, despite his *pro se* status, he still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short plain statement

of the grounds for the court's jurisdiction." Plaintiff's Complaint does not satisfy this requirement. There is no indication as to how this Federal Court has jurisdiction over Plaintiff's claims. This failure alone is sufficient grounds to dismiss the Complaint. Fed. R. Civ. P. 12(h)(3).

However, in the interests of justice, the Court has reviewed the Complaint in an attempt to discern whether it contains sufficient facts to permit the Court to determine that it has subject matter jurisdiction over this case. Plaintiff's causes of action all involve state law or invoke Colorado state statutes. (Compl. pp. 9-10.) There is no federal statute pled or other indication of a federal interest at stake in this case. Therefore, the Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, Plaintiff appears to be a citizen of Colorado and at least one of the Defendants—Douglas County Public Trustee—is also a citizen of Colorado. Thus, there is not complete diversity between the parties and the Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

It is clear that, in its current iteration, Plaintiff's Complaint fails to state sufficient facts to meet his burden of establishing that this Court has subject-matter jurisdiction over his claims. Accordingly, the Court must dismiss Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(h)(3).

## II. MOTION FOR RESTRAINING ORDER

At the same time he filed the Complaint, Plaintiff filed a Motion for Preliminary Injunction asking that Defendants "be enjoined from conducting a foreclosure sale of the property located at 10657 Brown Fox Trail Littleton, Colorado 80125, County of Douglas, State of Colorado until a trial on the merits." (ECF No. 3.) On January 8,

2013, Plaintiff filed a Motion for Restraining Order asking the Court to enjoin the sale of his property currently scheduled for 10:00 a.m. on January 9, 2013.  (ECF No. 7.)

Before the Court can take any action on a case, it must have subject matter jurisdiction over the matter.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).  As set forth above, Plaintiff has failed to establish that the Court has subject matter jurisdiction over his claims.  Thus, the Court lacks the ability to enter the injunctive relief that Plaintiff seeks in both his Motion for Temporary Restraining Order and his Motion for Preliminary Injunction.

Additionally, Plaintiff asks the Court to intervene in an ongoing state proceeding, *i.e.*, the sale of his property by the Public Trustee.  However, a federal court is barred from intervening in ongoing state court proceedings.  *Younger v. Harris*, 401 U.S. 37, 44 (1971).  This is an alternate basis for why the Court cannot grant Plaintiff the injunctive relief he seeks.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is DENIED WITHOUT PREJUDICE;
2. Plaintiff's Motion for Restraining Order (ECF No. 7) is DENIED WITHOUT PREJUDICE;
3. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to pled sufficient facts showing that this Court has subject matter jurisdiction; and
4. Plaintiff is granted leave to file an amended complaint that establishes this

Court's jurisdiction and complies with all requirements of the Federal Rules of Civil Procedure. Any such amended complaint must be filed by **January 30, 2013** or this action will closed.

Dated this 8th day of January, 2013.

BY THE COURT:

William J. Martinez
United States District Judge