**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0035-WJM-CBS

GERALD R. GALLEGOS,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, a Texas corporation,
DEUTSCHE BANK, as Trustee for the other RALI SERIES 2007-QH9 TRUST,
DOUGLAS COUNTY PUBLIC TRUSTEE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS), a Delaware corporation

    Defendants.

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO PROSECUTE**

On January 7, 2013, Plaintiff Gerald Gallegos filed this action against Defendants Nationstar Mortgage, LLC, Deutsche Bank, as Trustee for the other RALI Series 2007-QH9 Trust, Douglas County Public Trustee, and Mortgage Electronic Registration System ("MERS").  (Compl. (ECF No. 1).)  Plaintiff's Complaint brought the following causes of action: (1) a complete adjudication of his rights pursuant to Colorado Rule of Civil Procedure 105; (2) a claim for declaratory relief under Colorado Revised Statute § 13-51-106 and Colorado Rule of Civil Procedure 57; (3) common law breach of the duty of good faith and fair dealing; (4) common law promissory estoppel; and (5) common law constructive fraud.  (*Id*. at pp. 9-10.)  Plaintiff also filed a Motion for Temporary Retraining Order at the time he filed his Complaint.  (ECF No. 7.)

On February 8, 2013, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to plead sufficient facts showing that this Federal Court has jurisdiction over his property dispute. (ECF No. 12.) The Court also denied Plaintiff's Motion for Temporary Restraining Order because jurisdiction had not been established. (*Id*.) The Court granted Plaintiff leave to "file an amended complaint that establishes this Court's jurisdiction and complies with all requirements of the Federal Rules of Civil Procedure." (*Id*.) Such amended complaint was due not later than January 30, 2013. (*Id*.) Plaintiff was warned that failure to file an amended complaint by January 30, 2013 would result in this action being closed. (*Id*.)

To date, nearly two weeks after Plaintiff's deadline, no amended complaint has been filed. As such, there is no operative pleading in this case and there are no facts from which the Court could find that it has jurisdiction over this action. Accordingly, the Court finds that Plaintiff has failed to diligently prosecute this action and that it should be closed. *See S.E.C. v. Power Resources Corp.*, 495 F.2d 297 (10th Cir. 1974) (trial court has broad discretion to dismiss action for failure to prosecute).

For the reasons set forth above, the Court ORDERS that this action be closed. The Clerk shall enter judgment dismissing Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction and failure to prosecute.

Dated this 11th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge